LUXORA BANKING COMPANY *v.* TURNER.

Opinion delivered November 18, 1907.

BILLS AND NOTES—DEMAND AND NOTICE—WAIVER.—Proof that the holder of a promissory note, at the time he bought the note, told a prior indorser that he would not release him as indorser does not establish

a waiver upon such indorser's part of demand and notice on the part of the holder.

Appeal from Mississippi Circuit Court; *Frank Smith,* Judge; affirmed.

*W. J. Driver,* for appellant.

1. Court erred in refusing instruction No. 3 asked by defendant. When the holder of a note fails to make due demand of payment, if the indorser afterward agreed to pay or remain liable, due demand and notice is waived, and the indorser is liable. Story on Prom. Notes, cited in 13 Ark. 401; 26 *Id.* 156. It is not necessary that an express promise should be made *in totidum verbis.* It is sufficient if the language imports or naturally implies a promise to pay. 13 Ark. 401; Greenl. on Ev. § 190.

2. Whether a waiver or not is not a matter of law, but of fact for the jury. 7 Peters, 287; 26 Ark. 156.

*S. S. Semmes,* for appellee.

1. The third instruction is not hypothetical, and was properly refused.

2. To excuse laches of the holder and constitute waiver of the demand and notice, the act on part of the indorser must be of such a nature as to show an unconditional agreement or promise to continue his liability. Especially is this true after maturity. 4 Am. & Eng. Enc. Law (2 Ed.), p. 466.

HART, J. On the 26th day of November, 1903, Frank Guttuso (sometimes referred to in evidence as Romeo) executed to W. B. Calhoun a promissory note for $350, payable twelve months after date with interest from date until paid at ten per cent. per annum, which note was, on the 30th day of November, 1903, indorsed by W. B. Calhoun (payee) and delivered to appellee, P. D. Turner, who in turn indorsed and delivered same to appellant, Luxora Banking Company, on the 9th day of June, 1904. On the 26th day of November, 1904, appellant, Luxora Banking Company, presented the note to the maker, demanding payment, and, upon refusal to pay, protested it for non-payment, and charged the account of appellee with the amount of said note, together with interest and protest fees. Appellee, P. D. Turner, institutes this suit to recover from appellant the amount

so charged, alleging, among other things, that appellant failed to give appellee due notice of the non-payment of said note.

This is not denied in the answer, nor does the answer set up any defense of waiver of demand and notice on the part of appellee.

Appellant's sole contention upon this appeal is that the lower court erred in refusing to give to the jury the following instruction, as requested by appellant:

"No. 3. You are instructed that, although defendant failed to make demand of payment of maker at the expiration of the three days of grace, if you further find from a preponderance of the evidence that plaintiff, as indorser of the note in controversy, thereafter agreed with defendant to pay said note or to remain liable therefor, plaintiff would be liable to defendant for the payment of said note, and you will find for defendant."

Appellant predicates his right to this instruction on the testimony of J. M. Landrum, its cashier, to the effect that he told appellee at the time he bought the note that he would not release him as indorser. This was not equivalent to a waiver on the part of appellee. *Andrews* v. *Simms*, 33 Ark. 777. The rest of Landrum's testimony on that question merely amounts to an expression of opinion on his part that appellee had agreed to remain liable on the note because he, Landrum had told him when he took the note he would not release him as indorser. We think that the instruction was abstract, without any evidence to support it, and that the court properly refused it. *Hazard* v. *White*, 26 Ark. 156; *Lary* v. *Young*, 13 Ark. 401.

Judgment affirmed.